Chambers of
**STEVEN C. MANNION**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
(973) 645-3827

June 8, 2018

**LETTER OPINION-ORDER**

Re:  D.E. 36; Defendant's Application for an Order Staying Discovery
Shire US, Inc. v Allergan, Inc., et al.
Civil Action No. 17-7716 (JMV)(SCM)

Dear Litigants:

This matter comes before the Court upon review of Defendants Allergan, Inc., Allergan Sales, LLC, and Allergan USA, Inc.'s (collectively, "Allergan") oral application for an order staying discovery.[1] At Rule 16 conference, the Court granted a stay of discovery as to depositions, but denied a stay as to document requests pending briefing on the matter.[2] The Court has reviewed the parties' submissions, and for the reasons set forth herein, a continued stay is hereby **Granted** in part and **Denied** in part.

Magistrate judges are authorized to decide any non-dispositive motion designated by their district court.[3] This District specifies that magistrate judges may determine all non-dispositive pre-

---

[1] (ECF Docket Entry No. ("D.E.") 36, Scheduling Order).

[2] (D.E. 36, Scheduling Order).

[3] 28 U.S.C. § 636(b)(1)(A).

trial motions which includes discovery motions.[4] That includes whether to stay discovery.[5] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[6]

Courts look at motions to stay discovery with disfavor, because "when discovery is delayed or prolonged, it can create case management problems which impede the court's responsibility to expedite discovery."[7] Allergan has the burden of overcoming this disfavor by showing "good cause."[8]

"It is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay."[9] When determining if "good cause" exists, the Court must balance a number of factors, including: (1) whether a stay would unduly prejudice or present a clear tactical advantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.[10]

---

[4] L. CIV. R. 72.1(a)(1); 37.1.

[5] *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007).

[6] § 636(b)(1)(A).

[7] *Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*, No. 11-7178, 2012 WL 12918261 at *1 (D.N.J. July 18, 2012) (quoting *Coca-Cola Bottling Co. v. Grol*, No. 92-7061, 1993 WL 13139559, at *2 (E.D. Pa. Mar. 8, 1993).

[8] *Gerald Chamales*, 247 F.R.D. at 454.

[9] *Id.*

[10] *Actelion Pharma. Ltd. v. Apotex Inc.*, No. 12-5743, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013).

As an initial matter, I decline to weigh-in on the merits of the motion to dismiss.[11] Issuance of a protective order based on the merits of a dispositive motion is only appropriate when the result of that motion is "clear and unmistakable."[12] Based on the record, the Court is unable to find that there is a "clear and unmistakable result."[13]

Allergan first argues that Shire will suffer no prejudice if the Court grants the order to stay discovery.[14] Shire counters that impending Allergan layoffs threaten to obscure critical witnesses, denying Shire critical evidence.[15] The discovery end date is November 30, 2018 and Shire has a right to promptly take discovery and expedite its case.[16] The Court finds that the first factor favors Shire.

As to the second factor, Allergan makes broad statements that discovery in antitrust cases can be extremely expensive.[17] Anticipation of expensive discovery is not sufficient to establish undue hardship.[18] The Court finds that the second favors Shire.

---

[11] *Gerald Chamales*, 247 F.R.D. at 455.

[12] *Id.*

[13] *Id.*

[14] (D.E. 38, Defs.' Letter, at 2).

[15] (D.E. 39, Pl.'s Letter, at 4).

[16] *Gerald Chamales*, 247 F.R.D. at 455.

[17] (D.E. 38, Defs.' Letter, at 3).

[18] *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986).

With regard to the third factor, Allergan asserts that simplification of the issue would arise if the pending motion to dismiss is granted.[19] As stated above, I will not base this decision on the merits of Allergan's motion to dismiss unless the result of that motion is "clear and unmistakable."[20] In the present case, the result is not clear and unmistakable. Further, a stay of discovery would hinder the Court's ability to expediently control the matter.[21]

Finally, the Court must consider the early stage at which this case currently stands. Discovery is truly in its infancy with no trial date set. Document discovery only began on May 21, 2018.[22] This factor weighs in favor of a stay on discovery.

As the *Actelion* factors weight against a stay of discovery, the Court will deny Allergan's informal application in part and grant it in part. Document discovery among the parties shall continue, and the Court will assess the parties' progress with their proposed plan—Appendix A at the September conference. Service of interrogatories is stayed until September 15, 2018. Third-party document discovery is stayed until November 30, 2018. Deposition discovery is stayed until further notice.

---

[19] (D.E. 38, Defs.' Letter, at 3).

[20] *Gerald Chamales*, 247 F.R.D. at 455.

[21] *In Re Plastic Additives Antitrust Litig.*, No. 03-2038, 2004 WL 2743592, at *7 (E.D. Pa. Nov. 29, 2004).

[22] (D.E. 36, Scheduling Order).

**IT IS SO ORDERED.**



*Steven C. Mannion*
Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/8/2018 5:08PM

Original: Clerk of the Court
Hon. John M. Vazquez, U.S.D.J.
cc: All parties
    File