

William C. Baton
Phone: (973) 286-6722
Fax: (973) 286-6822
wbaton@saul.com
www.saul.com

June 12, 2019

**VIA ECF**

The Honorable Steven C. Mannion, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

      Re:  *Shire US, Inc. v. Allergan, Inc., et al.*
           Civil Action No. 17- 7716 (JMV)(SCM)

Dear Judge Mannion,

      This firm, along with Haug Partners LLP, represents Plaintiff Shire US, Inc. ("Shire") in the above-captioned matter. Shire, along with the defendants Allergan, Inc., Allergan Sales, LLC, and Allergan USA, Inc. (collectively, "Allergan") hereby jointly request that the present deadline for the completion of fact discovery – August 30, 2019 – be extended up to and including April 30, 2020. While both parties are jointly requesting the extension, they have different reasons for doing so.

      Shire is requesting the extension because, on May 9, 2018, Novartis entered into an agreement with Shire to purchase Xiidra, the product that is the subject of this case. While that agreement was signed and made known to the public on May 9, 2018, the final closing that will transfer the ownership of the product and the claims that are the basis of this case has not yet occurred. Thus, Novartis cannot exercise any decision-making authority over the case until after the final closing. So, while Shire cannot speak on behalf of Novartis on these issues, it believes that the best course of action is to extend the fact discovery deadline so that once Novartis completes its purchase and has unfettered access to litigation counsel, confidential documents under protective order, and other details of the litigation, it can fully analyze and evaluate its options going forward.

      Allergan submits the extension is warranted in light of Judge Vazquez's recent ruling dismissing the First Amended Complaint and Allergan's recently-filed Motion to Dismiss the Second Amended Complaint. On March 22, 2019, the Court dismissed Shire's First Amended Complaint, finding that it had not adequately pled sufficient facts to establish a claim under

Hon. Steven C. Mannion, U.S.M.J.
June 12, 2019
Page 2

federal or state antitrust laws.  *See Shire US, Inc. v. Allergan, Inc., et al.,* No. 17-CV-7716 (JMV) (SCM), 2019 WL 1349828, *17 (D.N.J. Mar. 22, 2019); Dkt. 76.  The Court did, however, grant Shire leave to file a second amended pleading which Shire filed on April 25, 2019. Dkt. 79.  On May 28, 2019, Allergan moved to dismiss the Second Amended Complaint.  Dkt. 84.  Allergan's position is that the Court should dismiss Shire's Second Amended Complaint, with prejudice, because Shire has not materially changed its theory of the case and its operative pleading suffers from the same deficiencies as that previously dismissed by Judge Vazquez.  *See id.*  Due to the uncertainty concerning whether this case will be going forward, Allergan respectfully submits that an extension of the discovery schedule is justified as it may prevent the unnecessary expenditure of judicial and party resources.

In sum, the parties believe that, given the present circumstances, it will serve the parties' interests, the Court's interests, and promote judicial economy if the extension of fact discovery is granted.  If the parties' extension request meets with the Court's approval, we respectfully request that Your Honor sign and enter the below form of endorsement on the docket.

In the event that the Court grants the parties' request for an extension, the parties would not be opposed to a decision by the Court to cancel the telephone conference scheduled for next Thursday, June 20.

Thank you for Your Honor's kind attention to this matter.

                                                    Respectfully yours,

                                                  William C. Baton

cc:    All Counsel of Record (via ECF and email)

SO ORDERED this ___ day of June, 2019

_____
Hon. Steven C. Mannion, U.S.M.J.